ORIGINAL

FILED IN CHAMBERS
U.S.D.C. - Atlanta

JAN 2 8 2020

James N. Hatten, Clerk
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| *v.* | No.   1:20-CR045 |
| THOMAS MENSAH ADDAQUAY CLARA KARABANI | UNDER SEAL |

THE GRAND JURY CHARGES THAT:

### Count One
### 18 U.S.C. § 1349
(Conspiracy to Commit Bank and Wire Fraud)

1.  Beginning on a date unknown to the Grand Jury, but from at least in or about January 2016, and continuing through at least in or about April 2018, in the Northern District of Georgia, and elsewhere, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to commit certain offenses, that is,

    a.  to devise and intend to devise a scheme and artifice to defraud others, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as well as by omission of material facts; and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted, by

means of wire communication in interstate commerce, certain writings, signs, signals and sounds, that is, emails, as well as wire transfers from financial institutions located outside of the Northern District of Georgia to the Northern District of Georgia, in violation of Title 18, United States Code, Section 1343; and,

b. to knowingly execute and attempt to execute a scheme and artifice (1) to defraud a financial institution, the deposits for which were at the time insured by the Federal Deposit Insurance Corporation; and (2) to obtain and attempt to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of, financial institutions, the deposits for which were at the time insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises, as well as by omission of material facts, in violation of Title 18, United States Code, Section 1344.

### Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

*Romance Scam*

2. It was a part of the conspiracy that from in or about January 2016, continuing through at least in or about August 2017, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, used fake profiles based on fictitious personas on

2

online dating websites to cultivate supposed romantic relationships, through emails, text messages and voice calls, with unsuspecting users of the websites to gain the other users' trust and affection in order to defraud those users out of money and property as part of a romance scam.

3. It was further a part of the conspiracy that the fake dating profiles created by the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, depicted images taken from publicly available websites of real men and women, who did not know that their images were being used in this manner.

4. It was further a part of the conspiracy that, after gaining the affection and trust of the targeted users on the dating websites, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, told the targeted users elaborate false stories about an urgent need for money in order to cause and attempt to cause the targeted users to send money through interstate wire and electronic transfers to bank accounts controlled by the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury.

5. It was further a part of the conspiracy that once the targeted users transferred funds into the identified bank accounts, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, withdrew and transferred the funds to other bank accounts under the defendants' control.

*Business Email Compromise Scheme*

6.   It was further a part of the conspiracy that from at least in or about January 2018, and continuing through at least in or about April 2018, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, coordinated to steal money from the bank accounts of persons and entities located throughout the United States as part of a Business Email Compromise scam.

7.   It was further a part of the conspiracy that the defendants, THOMAS MENSAH ADDQUAY and CLARA KARABANI, carried out the scam by compromising legitimate business email accounts through social engineering or computer intrusion techniques to conduct unauthorized transfers of funds to accounts at different financial institutions that the defendants controlled.

8.   It was further a part of the conspiracy that the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, sent fraudulent emails to the victims to defraud them into making wire transfers of large sums of money into accounts controlled by the defendants.

9.   It was further a part of the conspiracy that the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, used "spoofed" email addresses, that is, email addresses that appeared nearly indistinguishable from the legitimate email addresses, to email a person responsible for initiating wire transfers as part of a business transaction in order to instruct that person to wire

4

a large sum of money that the victim legitimately owed the "spoofed" victim company to specific bank accounts controlled by the defendants.

10. It was further a part of the conspiracy that the emails from the "spoofed" email addresses sent to the victims contained false statements, including false statements about the identity of the sender, the purpose of the wire transfer and the ownership of the specific bank account to which the funds were directed to be paid, and were intended to defraud the recipient victims of the emails.

All in violation of Title 18, United States Code, Section 1349.

## Counts Two through Seven
### 18 U.S.C. §§ 1343 and 2
### (Wire Fraud)

11. The Grand Jury re-alleges and incorporates by reference Paragraphs 2 through 10 of this Indictment as if fully set forth herein.

12. Beginning on a date unknown to the Grand Jury, but from at least in or about January 2016, and continuing through at least in or about April 2018, in the Northern District of Georgia, and elsewhere, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, aided and abetted by one another, and with intent to defraud, did knowingly devise and intend to devise a scheme and artifice to defraud others, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as well as by omission of material facts.

5

## Execution of the Scheme

13. On or about each date listed below, in the Northern District of Georgia, and elsewhere, for the purpose of executing the scheme and artifice to defraud, and to obtain money and property as set out in Paragraphs 2 through 10 of this Indictment, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, aided and abetted by one another, did, with intent to defraud, cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals and sounds; namely, the following interstate wires listed below:

| Count | Date (On or about) | Victim Initials | Financial Institution Receiving Wire | Amount Wired |
|---|---|---|---|---|
| 2 | 5/05/2017 | E.D. | Bank of America | $30,000 |
| 3 | 5/05/2017 | P.P. | Bank of America | $16,525 |
| 4 | 8/22/2017 | L.G. | Navy Federal Credit Union | $45,000 |
| 5 | 1/22/2018 | C.T.S. | Bank of America | $135,163.07 |
| 6 | 1/30/2018 | C.T.S. | Bank of America | $315,771.24 |
| 7 | 2/05/2018 | C.T.S. | Bank of America | $142,524.64 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count Eight
### 18 U.S.C. § 1956(h)
(Money Laundering Conspiracy)

14. The Grand Jury re-alleges and incorporates by reference Paragraphs 2 through 10 of this Indictment as if fully set forth herein.

15. Beginning on a date unknown to the Grand Jury, but from at least in or about January 2016, and continuing through at least in or about April 2018, in the Northern District of Georgia, and elsewhere, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, agree and have a tacit understanding with one another, to knowingly engage and attempt to engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

### Counts Nine through Thirteen
18 U.S.C. §§ 1957 and 2
(Money Laundering)

16. The Grand Jury re-alleges and incorporates by reference Paragraphs 2 through 10 of this Indictment as if fully set forth herein.

17. On or about each date listed below, in the Northern District of Georgia, and elsewhere, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, and others known and unknown to the Grand Jury, aided and abetted by one another, did knowingly engage and attempt to engage in the following monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, each such transaction knowingly

7

involving criminally derived property of a value greater than $10,000, such

property having been derived from a specified unlawful activity, that is, wire

fraud:

| Count | Date (On or about) | Monetary Transaction |
|---|---|---|
| 9 | 6/12/2017 | Cashier's check in the amount of $22,284.14 from Bank of America account ending 7406, titled in the name of Go Green Media Labs LLC, controlled by THOMAS MENSAH ADDAQUAY, to Navy Federal Credit Union account ending 8755, titled in the name of Go Green Media Labs LLC, controlled by THOMAS MENSAH ADDAQUAY. |
| 10 | 8/23/2017 | Personal check in the amount of $30,250 from Navy Federal Credit Union account ending 8755, titled in the name of Go Green Media Labs LLC, controlled by THOMAS MENSAH ADDAQUAY, made payable to CLARA KARABANI. |
| 11 | 8/24/2017 | Transfer in the amount of $20,800 from Navy Federal Credit Union account ending 8755, titled in the name of Go Green Media Labs LLC, controlled by THOMAS MENSAH ADDAQUAY, to Navy Federal Credit Union account ending 6969, titled in the name of Go Green Media Labs LLC, controlled by THOMAS MENSAH ADDAQUAY. |
| 12 | 1/22/2018 | Withdrawal in the amount of $30,000 from Bank of America account ending 6723, titled in the name of Fry Communications Limited, Corp., controlled by CLARA KARABANI. |
| 13 | 1/31/2018 | Personal check in the amount of $50,000 from Bank of America account ending 6723, titled in the name of Fry Communications Limited, Corp., controlled by CLARA KARABANI, made payable to Go Green Media Labs LLC. |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

**Count Fourteen**
18 U.S.C. §§ 1344 and 2
(Bank Fraud)

18. On or about May 1, 2019, in the Northern District of Georgia, the defendant, THOMAS MENSAH ADDAQUAY, did knowingly execute and intend to execute a scheme and artifice to defraud a financial institution, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of, the financial institution, the deposits for which were at the time insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises, as well as by omission of material facts.

**Scheme to Defraud**

19. On or about March 23, 2019, the defendant, THOMAS MENSAH ADDAQUAY, using the fictitious identity of Jerold Smith, opened Fifth Third Bank account ending 2438 in the name of Sanehecrult World International LLC, with a beginning balance of $0.

20. The Georgia driver's license number used by the defendant, THOMAS MENSAH ADDAQUAY, to open the Fifth Third Bank account ending 2438, purportedly belonging to Jerold Smith actually belongs to a real person with the initials J.D.

21. On or about March 25, 2019, the defendant, THOMAS MENSAH ADDAQUAY, using the fictitious identity of Jerold Smith, deposited a Wells Fargo Bank cashier's check in the amount of $43,476.85 made payable to Sanehecrult World International LLC into Fifth Third Bank account ending 2438.

9

22. On or about May 1, 2019, the defendant, THOMAS MENSAH ADDAQUAY, using the fictitious identity of Jerold Smith, approached the teller counter at Fifth Third Bank, located at 2197 Cobb Parkway South, Smyrna, Georgia, and presented a Georgia driver's license in the name of Jerold Smith and a Chase Bank business debit card, in the names of Jerold Smith and Sanehecrult World International LLC.

23. While at the teller counter, and using the fictitious identity of Jerold Smith, the defendant, THOMAS MENSAH ADDAQUAY, attempted to withdraw $3,000 cash and two cashier's checks in the amounts of $20,000.00 each from Fifth Third Bank account ending 2438.

### Execution of the Scheme

24. On or about May 1, 2019, in the Northern District of Georgia, the defendant, THOMAS MENSAH ADDAQUAY, with the intent to defraud, for the purpose of executing the aforesaid scheme and artifice to defraud, did attempt to obtain moneys, funds, credits, assets and other property owned by, and under the control of, a financial institution, Fifth Third Bank, the deposits of which were at the time insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises, as well as by the omission of material facts.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

### Forfeiture

25. Upon conviction of one or more of the offenses alleged in Counts One through Seven of this Indictment, the defendants, THOMAS MENSAH

10

ADDAQUAY and CLARA KARABANI, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the person obtained directly or indirectly as the result of such violation. The forfeited property includes, but is not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Seven of the Indictment.

26. Upon conviction of one or more of the offenses alleged in Counts Eight through Thirteen of this Indictment, the defendants, THOMAS MENSAH ADDAQUAY and CLARA KARABANI, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property. The forfeited property includes, but is not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Eight through Thirteen of the Indictment.

27. Upon conviction of the offense alleged in Count Fourteen of this Indictment, the defendant, THOMAS MENSAH ADDAQUAY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the person

obtained directly or indirectly as the result of such violation.  The forfeited property includes, but is not limited to, the following:

    a.  FUNDS: $43,576.85 in funds seized from Fifth Third Bank account number ending 2438 on December 9, 2019.

    b.  MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Count Fourteen of the Indictment.

28. If any of the property described above, as a result of any act or omission of a defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

//

//

//

12

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

A _____ BILL

_____
FOREPERSON

BYUNG J. PAK
  *United States Attorney*

SEKRET T. SNEED
  *Assistant United States Attorney*
Georgia Bar No. 252939

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

13