IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:20-CR-45-LMM-JSA-2 |
| THOMAS MENSAH ADDAQUAY and CLARA KARABANI, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [54]. Pursuant to 28 U.S.C. § 636(b)(1), Defendant Clara Karabani filed objections to the R&R [56]. The facts and procedural history of this case are set forth in the R&R and are fully incorporated herein by reference. After due consideration, the Court enters the following Order.

**I.    LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's R&R for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections to the R&R, the Court reviews

the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Defendant objects to the Magistrate Judge's (1) partial denial of Defendant's Motion for a Bill of Particulars; and (2) denial of Defendant's Motion to Sever Counts.[1] See Dkt. No. [54] at 3-11. The Court addresses each objection in turn.

### 1. Bill of Particulars

The Magistrate Judge granted Defendant's motion for a bill of particulars in part, agreeing that the phrase "among others" as used in the indictment was not sufficient to the extent it expands the scope of the conspiracy beyond the two fraudulent schemes described. See Dkt. No. [54] at 5. Defendant now generally objects to the Magistrate Judge's "denial of all other requests contained in the Motion for a Bill of Particulars." Dkt. No. [56] ¶ 2. Upon review of the original motion [40], those requests include a demand for identification of "names and relevant actions" of all known conspirators, as well as more detail regarding the specific acts and/or transactions that Defendant is alleged to have committed in furtherance of the conspiracy.

---

[1] The original Motion for Bill of Particulars [34] and Motion to Sever Counts [36] were filed by Defendant Karabini's co-defendant, Thomas Mensah Addaquay; Defendant Karabani subsequently adopted both motions. Dkt. Nos. [40, 41].

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985); see also United States v. Hassoun, 477 F. Supp. 2d 1210, 1227-28 (S.D. Fla. 2007) ("A request for bill of particulars is, *inter alia*, befitting in those instances where defendant seeks further clarity and precision with regard to the charges that he is facing in order to adequately prepare a defense."). However, a bill of particulars is not available to obtain details as to the Government's evidence supporting a charge; that is, the purpose of a bill of particulars is "to enable the defendant to identify what he is alleged to have done in violation of law. It is not to eliminate surprise with respect to evidence offered in support of a charge that is clearly understood by the defendant." United States v. Scrushy, No. CR-03-BE-530-S, 2004 WL 483264, at *9 n.5 (N.D. Ala. Mar. 3, 2004).

As the Magistrate Judge observed, it is undisputed that the Government has produced substantial discovery in this case. See Dkt. No. [54] at 6. Moreover, Count One identifies a date range and a detailed explanation of two specific fraud schemes underlying the alleged conspiracy. See id. Defendant offers no reason as to why the information provided in the indictment and through discovery is insufficient such that Defendant cannot identify the charges against her or prepare a defense; thus, the Court does not find the Magistrate Judge erred in

3

denying these requests. See, e.g., U.S. v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery . . . ."). Defendant's objection is therefore **OVERRULED.**

### 2. Motion to Sever Counts

Defendant next objects to the Magistrate Judge's refusal to sever Count Fourteen, which charges her co-defendant alone in a separate bank fraud scheme. See Dkt. No. [56] ¶ 3. The Court applies a two-step process to determine whether severance is appropriate. First, the Court determines whether initial joinder was proper under Rule 8. United States v. Gabay, 923 F.2d 1536, 1539 (11th Cir. 1991). Rule 8(a) permits joinder of charges against a defendant in a single indictment "if the offenses charged . . . are of the same or similar character, or based on the same act or transaction or are connected with or constitute parts of a common plan." As the Magistrate Judge explained, this is a permissive rule, "construed broadly in favor of initial joinder." Dkt. No. [54] at 8 (citing United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002)). The Court is satisfied that initial joinder was proper under Rule 8 in light of the similarity between the fraud schemes alleged.

Defendant does not contest the propriety of the initial joinder; rather, she argues that she will be prejudiced by the introduction of the evidence of the bank fraud alleged in Count Fourteen. See Dkt. No. [56] ¶ 3. Under the second step of

4

the inquiry, the Court must determine whether severance would nevertheless be appropriate under Rule 14 because of prejudice to the defendant. United States v. Chavez, 584 F.3d 1354, 1359-60 (11th Cir. 2009). Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.

If a defendant makes a motion to sever, he or she carries the "heavy burden of demonstrating [that] 'compelling prejudice' would result from a joint trial." United States v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011) (citing United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2008) (alterations in original). Severance is "warranted only when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." United States v. Liss, 265 F.3d 1220, 1228 (11th Cir. 2001) (citing United States v. Walker, 720 F.2d 1527, 1533 (11th Cir. 1983)).

"Compelling prejudice occurs when the jury is unable to 'separately appraise the evidence as to each defendant and render a fair and impartial verdict.'" Liss, 265 F.3d at 1228 (citing United States v. Meester, 762 F.2d 867, 883 (11th Cir. 1985)). Such prejudice may be demonstrated by showing that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, *or* prevent the jury from making a reliable judgment about guilt or innocence." United States v. Blankenship, 382 F.3d 1110, 1122-23 (11th

Cir. 2004) (emphasis added) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).

Defendant's conclusory assertion as to the prejudice she will suffer is not sufficient to satisfy her heavy burden. Moreover, "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro, 506 U.S. at 538-39. Defendant has offered no explanation as to why less drastic measures, such as a limiting instruction, will not suffice to cure any risk of prejudice. Because Defendant has not shown compelling prejudice, her objection is **OVERRULED.**

### III.   CONCLUSION

In light of the foregoing, Defendant's objections [56] are **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's R&R [54] as the opinion of this Court. The Motions for Bill of Particulars [34, 40] **are GRANTED IN PART, DENIED IN PART**. The Motions for Severance of Counts [36, 41] are **DENIED.**

**IT IS SO ORDERED** this 6th day of August, 2020.

_____
**Leigh Martin May**
**United States District Judge**